FILED

**NOT FOR PUBLICATION**

DEC 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30134 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 2:14-cr-00113-JLR-1 |
| MICHAEL A. RILEY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted December 6, 2018[**]
Seattle, Washington

Before: GRABER, McKEOWN, and CHRISTEN, Circuit Judges.

Defendant Michael A. Riley timely appeals his conviction by plea agreement

of one count of possession of methamphetamine with intent to distribute, 21 U.S.C.

§ 841(a)(1); one count of possession of heroin with intent to distribute, id.; and one

count of possession of a firearm in furtherance of a drug trafficking crime, 18

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

U.S.C. § 924(c). Defendant argues that the district court erred by denying his motion to set aside his guilty plea. Reviewing for abuse of discretion, United States v. Mayweather, 634 F.3d 498, 504 (9th Cir. 2010), we affirm.

1. The district court correctly concluded that the plea hearing complied with Federal Rule of Criminal Procedure 11(b). At the time of the hearing, Defendant had withdrawn his motion for a determination of competency; Defendant's lawyer stated that Defendant was now legally competent; Defendant asserted that he was not under the effect of any mind-altering drugs or anything else that would affect his understanding of the proceedings; and Defendant's conduct at the hearing strongly suggested competency to stand trial. When Defendant sought to withdraw his plea, the district court laudably conducted an evidentiary hearing and permissibly found Defendant's testimony not credible. Unlike in United States v. Christensen, 18 F.3d 822, 825 (9th Cir. 1994), Defendant's "mental or emotional state" was not "a substantial issue" by the time of the plea hearing.

2. Defendant's initial lawyer did not misadvise him about the possibility that a jury could convict him on Count Four, possession of a firearm found in a locked safe that also contained items directly linked to Defendant, as well as large quantities of ammunition, drugs, and cash. Those facts, if proved at trial, would suffice to sustain a conviction. See, e.g., United States v. Norwood, 603 F.3d

1063, 1071–72 (9th Cir. 2010) (holding that the government must "illustrate through specific facts, which tie the defendant to the firearm, that the firearm was possessed to advance or promote the criminal activity" (internal quotation marks omitted)).

3.  Defendant's initial lawyer did not misadvise him about the potential statutory minimum sentence, if he were convicted on all counts.  Count Four alleged a violation of § 924(c) with three predicate offenses, and Count Seven alleged a violation of § 924(c) with the same three predicate offenses plus an additional predicate offense.  "[A] defendant may be convicted and sentenced for multiple violations of § 924(c) so long as each 924(c)(1) count is supported by a separate predicate offense."  United States v. Beltran-Moreno, 556 F.3d 913, 916 (9th Cir. 2009) (internal quotation marks and brackets omitted).  "Accordingly, the government was entitled to charge the defendants with two separate § 924(c) counts, and, [if a jury had convicted Defendant], the district court [would have been] required to impose consecutive minimum sentences of five and twenty-five years on top of the ten-year mandatory minimum that attached to the drug charges."  Id. at 916–17.

**AFFIRMED.**